UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN WILLIAM HULSMAN                                                    PETITIONER

v.                                                    CIVIL ACTION NO. 3:09-CV-P87-C

REBECCA PANCAKE, Warden                                                RESPONDENT

<u>OPINION</u>

The petitioner, John William Hulsman, filed this action pursuant to 28 U.S.C. §
2254, seeking a writ of habeas corpus.  On preliminary consideration under Rule 4 of
the Rules Governing Section 2254 Cases in the United States District Courts, the
court directed the petitioner to show cause why his petition should not be denied and
his action dismissed as untimely.  The petitioner has responded.  As discussed
below, the court will dismiss this action as time-barred.

I.

According to his petition, on January 23, 1995, the petitioner was sentenced
after pleading guilty in the Jefferson Circuit Court, Jefferson County, Kentucky, to
charges of rape, incest, and sodomy.  On July 13, 1995, he filed an appeal to the
Kentucky Court of Appeals, which, on March 27, 1998, remanded for an evidentiary
hearing.  On December 30, 1999, the trial court denied his KY. R. CRIM. P. 11.42
motion.  On March 30, 2007, he belatedly appealed that denial to the Kentucky
Supreme Court.  He states that the motion was dismissed summarily, on an
unspecified date, for failure to perfect the notice of appeal.  He also states that on

September 18, 2008, he filed a belated direct appeal to the Kentucky Supreme Court, which was denied on January 20, 2009.  The petitioner signed his § 2254 petition on February 8, 2009.[1]

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  In the instant case, although the form on which the petition was filed contained a line for the petitioner to certify under penalty of perjury on what date he placed his petition in the prison mail system, the petitioner left that line blank.

2

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The instant petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on January 29, 2000, 30 days after the trial court entered judgment on his Rule 11.42 motion and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure.  The petitioner, therefore, had until January 29, 2001, to file his petition for writ of habeas corpus in this court unless a time-tolling collateral attack was pending in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); § 2244(d)(2).

According to the petitioner's petition, he filed a belated direct appeal on September 18, 2008, more than seven years after the statute of limitations had run, and a belated appeal of the denial of his Rule 11.42 motion on March 30, 2007, more than six years after the statute of limitations had run.  Filing an appeal that would otherwise toll the statute of limitations does not restart the one-year statute of limitations for filing his federal habeas petition once that period has run.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired,

3

collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted).  Thus, the petitioner's petition is more than eight years late.

In response to this court's show-cause order, the petitioner argues that he was sentenced before the enactment of the AEDPA statute of limitations and, therefore, to apply the one-year limitation period to him would be "ex post facto."  He also argues that the lateness of his petition was caused by the fact that the Kentucky Department of Corrections ("KDOC") has moved him at least a dozen times during the period of his state-court, post-conviction litigation, and he argues that KDOC does not have advocates to assist prisoners other than jail-house writ writers.  He also argues that a manifest injustice occurred in his case in which he, an innocent man, has been sentenced to 235 years in prison without a trial by jury or the proper due course of law.  Thus, the petitioner argues that equitable tolling should apply such that his petition should not be barred by the one-year period.

Because § 2254's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc* ., 209 F.3d 552, 560-61 (6th Cir. 2000)).  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Id.* at

4

561. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

As was noted in the order to the petitioner to show cause why his petition was not time-barred, because the petition was filed after the effective date of the AEDPA, the provisions of the AEDPA apply, even though his conviction occurred prior to that date. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000) (applying AEDPA where conviction at issue occurred in 1991 but the habeas petition was not filed until after the AEDPA's effective date). The Sixth Circuit has rejected the argument that application of the AEDPA to a petition filed after the effective date violates the Ex Post Facto Clause of the Constitution. *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000).

The petitioner's assertion that his petition should be considered timely because KDOC transferred him a number of times and because the only legal assistance available to inmates is jail-house writ writers also fails to demonstrate entitlement to equitable tolling. Those circumstances do not toll the one-year period. The petitioner does not explain why being transferred to different prisons prevented him from filing his habeas petition earlier. Even in cases where a petitioner argues that his trial transcripts were lost because of transfers among prisons, equitable tolling does not apply. *See Iron v. Scutt*, No. 2:08-CV-12451, 2009 WL 416427, at *4 (E.D. Mich. Feb. 18, 2009). Moreover, the fact that the only legal assistance available to the petitioner was jail-house writ writers also does not toll the one-year period. An inmate's lack of legal training, his poor education, or even illiteracy "does

5

not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306
F.3d 441, 444 (6th Cir. 2002); *see also Gutierrez v. Elo*, No. 00-CV-74240-DT,
2000 WL 1769559, at *3 (E.D. Mich. Oct. 30, 2000) ("The fact that Petitioner is
Cuban with a limited education and knowledge of English, is proceeding without a
lawyer, or may have been unaware of the limitations period does not warrant
tolling."); *Martinez v. United States*, Nos. 00 Civ. 1214(DLC), 96 CR. 450-04(DLC),
2000 WL 863121, at *2 (S.D.N.Y. June 28, 2000) (finding equitable tolling not
warranted despite movant's allegations that he "is not proficient in the English
language, lacks necessary legal expertise and training, and that the Government did
not take any steps to educate him as to his rights and the applicable procedural
rules").

The one-year statute of limitations may be equitably tolled based upon a
credible showing of actual innocence under the standard enunciated in *Schlup v.
Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir.
2005). To establish actual innocence, "a petitioner must show that it is more likely
than not that no reasonable juror would have found the petitioner guilty beyond a
reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual-
innocence exception to be credible, such a claim requires a habeas petitioner to
support his or her allegations of constitutional error "with new reliable evidence –
whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or
critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at
324; *Souter*, 395 F.3d at 590. "'[A]ctual innocence means factual innocence, not

6

mere legal insufficiency.'" *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the actual-innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup*, 513 U.S. at 321).

Here, the petitioner's case falls outside the actual-innocence tolling exception enunciated in *Souter*. The petitioner presents no new, reliable evidence to establish that he was actually innocent of the crimes charged. The grounds for relief asserted in his petition are that he did not receive effective assistance of counsel due to the nature of the charges against him (rape, incest, and sodomy); that his sentence violated the maximum penalty under state law; that he pleaded guilty on his lawyer's promise that he would get probation; and that he has been denied his right to appeal. Thus, the petitioner has made no credible showing that he is actually (factually) innocent.

Because the petition was filed outside the one-year limitations period and the petitioner has not demonstrated that he is entitled to equitable tolling, the court finds that the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be denied as untimely under 28 U.S.C. § 2244(d).

### CERTIFICATE OF APPEALABILITY

This court will not issue a certificate of appealability because no jurist of reason could find its procedural ruling to be debatable. An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability

("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  The court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The court will enter an order consistent with this opinion.  **The clerk of court is directed to serve a copy of this opinion on the petitioner**.

Signed on  May 20, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

8